JOHN REDELL, APPELLANT, v. CITY OF OMAHA, APPELLEE.

FILED NOVEMBER 21, 1907. No. 14,966.

1. **Cities:** CHIEF OF FIRE DEPARTMENT. Whether the chief of a municipal fire department is an officer within the meaning of the rule that an officer *de jure* is entitled to the emoluments of the office without reference to actual incumbency or services, or whether he is merely an employee to whom other principles are applicable, *quære.*

2. **Appellate Court:** JURISDICTION. The jurisdiction of an appellate court is dependent upon that of the tribunal from which the appeal is taken.

3. **Cities:** CLAIMS: ALLOWANCE. The charter of the city of Omaha (Comp. St. 1903, ch. 12a. sec. 901), which enacts that the mayor and council shall not allow or authorize to be paid a claim presented under certain circumstances or after the lapse of a certain time, is a limitation upon the power and jurisdiction of the body itself, and a claim so situated, and not falling within an exception of the statute, is extinguished, so far as the judicial powers of the mayor and council are concerned.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Weaver & Giller,* for appellant.

*H. E. Burnam* and *I. J. Dunn, contra.*

AMES, C.

The plaintiff filed with the mayor and council of the city of Omaha a demand for compensation as chief of the fire department of that city during a time in which he claims to have been a *de jure* incumbent of that position, although it was in fact held by another who performed the service and received the salary pertinent thereto. The mayor and council rejected the claim, and an appeal to the district court resulted in a judgment of dismissal, from which an appeal is prosecuted in this court.

The plaintiff asserts his right to the salary as an incident to the *de jure* title, and the argument "upon the merits" in this court has been confined principally to a discussion of that proposition. But we doubt whether a chief of a fire department is an officer within the meaning of the rule invoked, or whether he is not more properly regarded as a municipal employee, to whom other principles are more applicable. This question has not, however, been discussed by counsel, and, in our view of the case, does not require present decision.

The city charter contains the following enactment: "No

bill for labor or material or account of whatsoever kind against the city, after it has been adversely reported on and rejected by the administration under which it has been incurred, and no bill not presented or claimed within eighteen (18) months after it was incurred and payable, shall be allowed or authorized to be paid by any mayor and council of a subsequent administration, except through the order of a court of competent jurisdiction. These provisions shall apply equally to any modification of the same account, in whatever form it may be presented." Comp. St. 1903, ch. 12a, sec. 901. It is not disputed that the plaintiff's claim is embraced by the prohibition and does not fall within the exception of the foregoing statute. It does not seem to us that there is room for argument. The legislature could not have chosen language more apt for the expression of an intent that a demand so situated shall be extinguished, so far as the judicial powers of the mayor and council are concerned. The enactment is not analogous to an ordinary statute of limitations, which the defendant may waive at his discretion. To hold that the city authorities, or their representatives, may do so would be, in practical effect, to repeal the statute. The limitation is of the power and jurisdiction of the auditing body itself, whose disobedience thereto would be a void act. It is axiomatic that a court in which an appeal may be prosecuted must derive its jurisdiction from the tribunal from which the appeal is taken. It would be absurd to say that the court may treat as erroneous and reverse an order made by the mayor and council in obedience to a peremptory statute. Precisely the same situation would have arisen if the mayor and council had simply ignored the claim, and a mandamus had been applied for to compel them to take action upon it. No action was required of them. They were as powerless to reject the claim as they were to allow it. The one order is equally as void or futile as the other would have been, and there is nothing from which an appeal can be taken. Their order of disallowance, for the reason given, was

purely ministerial and formal, and in no sense judicial. It will be soon enough to ascertain what is meant by the saving clause or exception when the question is presented in some court having jurisdiction and in a manner calling for its decision.

We are satisfied that the judgment of the district court is right, and recommend that it be affirmed.

CALKINS, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.