SANITARY AND IMPROVEMENT DISTRICT NO. 1 OF ADAMS COUNTY, NEBRASKA, A POLITICAL SUBDIVISION, ET AL., APPELLANTS, V.
COUNTY OF ADAMS, NEBRASKA, APPELLEE.

306 N.W.2d 584

Filed June 5, 1981. No. 43426.

Brock & Seiler for appellants.

Arthur C. Toogood, Adams County Attorney, for appellee.

Heard before BOSLAUGH, CLINTON, and BRODKEY, JJ., and REAGAN and NORTON, District Judges.

NORTON, District Judge.

This is an appeal from a declaratory judgment proceeding in the District Court of Adams County, Nebraska.

Plaintiffs are Sanitary and Improvement District No. 1 of Adams County, Nebraska, a political subdivision, and Robert Trenchard, Robert Hardin, Vance Anderson, Donald L. Brock, and Frank Boyd, trustees of the sanitary and improvement district and landowners of Adams County, Nebraska, all of whom are hereinafter referred to as SID No. 1. The defendant is the County of Adams, Nebraska, hereinafter referred to as County.

SID No. 1 was organized during the year 1964, pursuant to the provisions of Neb. Rev. Stat. §§ 31-727 through 31-762 (Reissue 1978), as amended. Subsequent to its organization, a plat of the district was filed with the register of deeds of Adams County, Nebraska, declaring all streets contained therein to be public. In reality, SID No. 1 contains only two streets involved in this controversy, Highland Drive and Madden Road. On September 8, 1976, the County notified SID No. 1 that it would remove snow from the two streets mentioned for a fee of $100 per year; and, on February 27, 1979, the County adopted a resolution stating in substance that SID No. 1 would be required to pay for maintenance, grading, snow removal, and culvert work on said streets effective July 1, 1979. This action resulted. The issue

presented to the trial court was whether or not the evidence was sufficient to declare the County responsible for maintenance, grading, snow removal, and culvert work on said streets. The trial court found for the defendant. We affirm.

The sole issue for consideration on this appeal is the responsibility of Adams County for maintenance, grading, snow removal, and culvert work performed within the boundaries of SID No. 1 under the circumstances of this case.

SID No. 1 argues in substance that the streets in question are roads rural in nature, open to the public, designated mail routes, and thereby part of the primary road system of the County; further, that Neb. Rev. Stat. § 39-1402 (Reissue 1978) vests the power and authority to maintain public roads in the County, and that Neb. Rev. Stat. §§ 39-2001(1) and 39-2003 (Reissue 1978) require the County to maintain at its expense all county roads which fall into the classification of primary roads. The counterargument of the County in substance is that there is a special act dealing with sanitary and improvement districts, and the construction, improvement, and maintenance of the streets or roads contained therein; that there is no indication in that act that the Legislature intended to impose this burden upon any county which might be involved; that the statutes referred to by SID No. 1 are general statutes; and that where special acts exist they are to be considered an exception to general legislation dealing with the same subject matter, unless that special act is repealed in express words or by necessary implication. The County further argues that a county can exercise only such powers as are expressly conferred upon it, and any reasonable doubt as to a grant of power must be resolved against it.

The evidence presented to the trial court would show that the streets in question were open and used by the public, and were rural in nature. Moreover, the evidence indicates that the State of Nebraska has in the

past included said streets in establishing the factor for allocation of road funds in Adams County, and that the County has collected funds from the state on the basis of the factor established. There is some conflict surrounding the matter of how the streets became mail route roads. The County admits they have been so designated bẙ the U.S. Post Office; and the minutes of a meeting of the board of the County held on or about September 8, 1976, contain the following brief statement in regard to said streets: "Said roads are presently mail route roads." The record is silent as to whether the County has ever made an official designation as to the classification of said streets as is required in §§ 39-2001 through 39-2003. The uncertainty on the latter two points is not material to a decision in this case.

Article 7 of Chapter 31 is devoted entirely to the subject of sanitary and improvement districts. It is divided into five portions, part two of which contains §§ 31-727 through 31-762, dealing with districts formed under the act of 1949. By the terms of this act and these particular sections, sanitary and improvement districts may be formed for various purposes, including the installation of "a system of sidewalks, public roads, streets, and highways . . . ." § 31-727. The act also provides that the board of trustees of any district shall have the power to provide "for establishing, maintaining, and constructing sidewalks, public roads, streets, and highways, including the grading, changing grade, paving, repaving, graveling, regraveling, widening or narrowing roads, resurfacing or relaying existing pavement, or otherwise improving any road, street, or highway within the district . . . ." § 31-740. Further, this act provides that the district may borrow money for its corporate purposes and issue general obligation bonds, and that it "*shall* annually levy a tax on the assessed value of all the taxable property in the district, except intangible property, sufficient to pay . . . for the maintenance and repairing of any sidewalks, public roads, streets, and highways

. . . ." (Emphasis supplied.) § 31-739.

In its petition for creation SID No. 1 prayed for an order finding that it had been duly organized and entitled to exercise *all* rights, powers, and privileges granted by law to districts organized under §§ 31-727 through 31-762. Attached to the petition are the articles of incorporation. Article VII thereof states that one of the purposes of SID No. 1 shall be "installing a system of public roads, streets, and highways . . . ." and that the board of trustees shall be invested with power "for establishing, maintaining and constructing of public roads, streets, and highways, including the grading, changing grades, paving, repairing, graveling, re-graveling, widening or narrowing of roads, resurfacing or relaying existing pavement, or otherwise improving any road, street, or highway within the district . . . ." By Article VIII, the owners are obligated "to pay the tax or taxes which may be levied . . . and . . . assessed against them, to pay the expenses which may be necessary . . . [for] the cost of grading, changing grade, paving, repairing, graveling, regraveling, widening or narrowing roads, resurfacing or relaying existing pavement, or otherwise improving any public roads, streets, or highways within the district . . . ." On May 8, 1964, a decree was entered in the District Court of Adams County, Nebraska, approving the organization of SID No. 1 under the proposed articles. No appeal was taken and this order became final. Thereafter, bonds were issued in the manner provided by law for various purposes, including street improvements, and special assessments were levied for the repayment of the same.

In giving effect to the intent of the Legislature in the adoption of legislation, this court has stated that statutes in pari materia must be construed together. *State v. Howard,* 193 Neb. 45, 225 N.W.2d 391 (1975). The court has further stated: "'An independent legislative act covering the entire subject of legislation to which it relates may incidentally modify or change existing statutes without referring to them.'" *Thompson*

*v. Commercial Credit Equipment Corp.*, 169 Neb. 377, 386, 99 N.W.2d 761, 767 (1959). "'[W]here the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the special statute will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication.'" *Id.* at 387, 99 N.W.2d 761, 768.

There can be no question that article 7 of Chapter 31, while adopted at various times, is a special, independent legislative act in itself, intended to cover the entire subject of sanitary and improvement districts in this state. It contains broad provisions conveying powers which include those intended to deal with the matter of the construction, improvement, and maintenance of roads within the districts.

An examination of the general statutes cited by the parties and of the special act discloses no language which would repeal, either expressly or by implication, the plain language of all legislation under consideration. Therefore, in adopting the act in question, the Legislature has in effect created an exception to the general statutes dealing with the responsibility of counties to provide for the construction, improvement, and maintenance of roads within districts legally organized for those purposes. It is noted that one of the specific purposes of SID No. 1 was to provide public streets and highways. The evidence discloses that the board, acting under powers granted to it, did in fact construct the streets in question. The act then imposes an affirmative duty upon the board to levy a tax to pay for those very items which SID No. 1 now wishes to transfer to the County. The existence of that duty indicates without question that these responsibilities are

solely those of SID No. 1.

We are not prepared to say that under circumstances different from this case some responsibility might arise on the part of a county for the maintenance and improvement of roads within a sanitary and improvement district. However, in the instant case the evidence before the trial court and this court does not disclose any circumstances imposing an obligation on the part of Adams County, and is therefore insufficient to support the claim of SID No. 1.

The judgment of the District Court is affirmed.

AFFIRMED.