OMAHA PUBLIC SCHOOLS, APPELLANT, V. JERALD HALL, APPELLEE.

319 N.W.2d 730

Filed May 21, 1982. No. 44035.

Alex M. Clarke and John P. Heil of Baird, Holm, McEachen, Pedersen & Hamann, for appellant.

Timothy J. Augustyn of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

This is an appeal from a decree of the District Court for Douglas County, Nebraska, which affirmed an order of the Nebraska Equal Opportunity

Commission finding that appellee, Jerald Hall, had been discriminated against by hiring practices of appellant, Omaha Public Schools.

Several assignments of error are argued, but we shall discuss only one, i.e., whether at the time of the action taken, the Nebraska Equal Opportunity Commission had jurisdiction to hear discrimination complaints by employees of the subdivisions of the State of Nebraska. We agree with appellant that the commission did not have jurisdiction and, accordingly, reverse the order of the District Court and dismiss the complaint.

The Nebraska Fair Employment Practice Act was adopted by the 1965 Legislature (1965 Neb. Laws, Ch. 276, p. 782) and is found at Neb. Rev. Stat. §§ 48-1101 et seq. (Cum. Supp. 1965). After declaring the policy of the act in § 48-1101, § 48-1102(2) defined the employers subject to the act: "(2) Employer shall mean a person engaged in an industry who has twenty-five or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (a) the United States, a corporation wholly owned by the government of the United States, an Indian tribe, or the state or any *political subdivision thereof . . . .*" (Emphasis supplied.)

The 1967 Legislature (1967 Neb. Laws, Ch. 306, § 1, p. 829) amended § 48-1102(2) by striking the words "or the state or any political subdivision thereof."

The Legislature later further amended § 48-1102(2) to read: "Employer shall mean a person engaged in an industry who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, *and includes the State of Nebraska, governmental agencies, and political subdivisions, regardless of the number of*

*employees* . . . ." (Emphasis supplied.) (1979 Neb. Laws, L.B. 67, § 1.)

Appellant, a teacher, is confined to a wheelchair. He *made application for employment with appellee* school district in 1975 and was not hired. In 1975 a complaint was filed with the commission. Both the commission and the District Court found that the school district discriminated against appellant because of his disability. Had we had *opportunity to* reach that issue, we would have been inclined to agree with the findings of the commission and the District Court. No question exists that Jerald Hall was a person covered by the act as a disabled person, as provided by Neb. Rev. Stat. § 48-1104 (Reissue 1974), and would have been entitled to relief, provided jurisdiction of the commission had existed prior to the effective date of the 1979 legislation.

Appellee concedes that the 1967 amendment does not by its terms subject political subdivisions to the jurisdiction of the commission. He, however, points out the legislative history of 1967 Neb. Laws, L.B. 357, as introduced by Senator Danner: "The purpose of the bill is to provide that the State of Nebraska, and any agency of the State, or any political subdivision of the State shall be subject to the Fair Employment Practice Act, Statute 48-1102, Chapter 48, Article 11, Revised Statutes Supplement, 1965. The State of Nebraska and its political subdivisions were inadvertently left out . . . ."

Appellee also points to the hearing on 1967 Neb. Laws, L.B. 357, in which the purposes of the introducer were quite clear and explicit.

It is extremely unfortunate in this otherwise meritorious case that the same care taken to compose the statement of purpose was not used to draft an amendment capable of accomplishing the intended purpose. When the state and political subdivisions were removed from the exclusion within § 48-1102(2), they were not automatically included as an em-

ployer subject to the act. To be covered by § 48-1102(2), they must first meet the definition of "person," as defined in § 48-1102(1), unless they were specifically included within the definition of "employer."

The language of § 48-1102 (Cum. Supp. 1967) is extremely clear. The state and political subdivisions were not included in the definition of "employer" or "person" and therefore are not subject to the act.

In the construction of a statute which is clear and unambiguous, the courts cannot supply missing language. It is not within our power to read into a statute a meaning which the clear language does not warrant. See *Ragland v. Norris P.P. Dist.,* 208 Neb. 492, 304 N.W.2d 55 (1981).

The Equal Opportunity Commission, having exercised powers not specifically granted by statute, acted in excess of those powers and its action is therefore void and of no effect. See *Transport Workers of America v. Transit Auth. of City of Omaha,* 205 Neb. 26, 286 N.W.2d 102 (1979). Nor could the parties have granted the commission jurisdiction by acquiescence or consent, or by participation in the procedures. *Nebraska P.P. Dist. v. Huebner,* 202 Neb. 587, 276 N.W.2d 228 (1979).

Accordingly, the judgment is reversed and the cause remanded to the District Court with directions to dismiss the complaint.

REVERSED AND REMANDED WITH DIRECTIONS.

CAPORALE, J., concurring.

I concur; however, since we do not reach the merits of the cause, I prefer not to speculate as to how those issues would have been resolved had we done so.

BOSLAUGH and HASTINGS, JJ., join in this concurrence.