RICHARD THOMPSON ET AL., APPELLANTS, V. CITY OF OMAHA ET
AL., APPELLEES.
455 N.W.2d 538

Filed May 18, 1990.   No. 88-385.

S. Caporale for appellants.

Herbert M. Fitle, Omaha City Attorney, and Timothy K. Kelso for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from an order of the district court for Douglas County dismissing the claim of plaintiffs-appellants, who are employees of the City of Omaha, for overtime wages earned but uncompensated during the 5-year period preceding the filing of the petition in the district court. Plaintiffs' petition included a prayer for costs and attorney fees under Neb. Rev. Stat. § 48-1231 (Reissue 1988) of the Nebraska Wage Payment and Collection Act. Defendants-appellees are the City of Omaha and various officials of the city, herein collectively called the city. We affirm.

A stipulation by the parties reflects the following facts. On September 10, 1984, the employees filed a claim seeking payment for overtime wages, earned but uncompensated, with the city comptroller in accordance with Neb. Rev. Stat. § 14-804 (Reissue 1987). Although it is not explicitly stated in

the record, the pleadings, the stipulation, and the brief of appellants imply that the claim submitted to the city comptroller requested compensation for wages earned during a period extending beyond the 18 months preceding the filing of the claim. On December 18, 1984, the Omaha City Council awarded the employees compensation for overtime earned during the 18-month period immediately preceding the filing of the claim. The employees did not appeal from that award.

On January 21, 1985, the employees filed this action against the city in the district court for Douglas County, seeking payment of all wages the city "unlawfully refused to pay" within 5 years of the filing of the petition. As liberally construed, the petition alleges a contract action for overtime wages due and owing. The parties stipulated that the employees had been paid for the 18 months preceding the filing of their claim with the city and that the amount sought in the court action "is reduced to and is made for the sum allegedly due and owing" which exceeds the 18-month period. The petition also sought costs and attorney fees pursuant to § 48-1231.

The city answered and, among other denials and affirmative allegations, affirmatively alleged that the district court had "no jurisdiction to make an award for any amounts allegedly due and owing beyond the eighteen month period contained in Section 14-806," that the "Plaintiffs have failed to comply with the statutory requirements to appeal said decision as set forth in Section 14-813," and that "this action, or a portion thereof, is barred or limited by the applicable statute of limitations."

The district court dismissed the petition. The court's memorandum noted that the Wage Payment and Collection Act did not apply to municipalities and, in any event, was not an alternative to the wage collection procedure set forth in Neb. Rev. Stat. §§ 14-804 to 14-806 and 14-813 (Reissue 1987), hereinafter referred to as the claims statutes. The district court noted that compliance with § 14-804 was a procedural prerequisite to an action on a wage claim against the city and apparently concluded that compliance with § 14-813 was also a procedural prerequisite to such an action.

In this court the employees assign the following errors:

1. The Court erred in finding that Appellants [sic]

action does not come within the Wage Payment and Collection Act.

2. The Court erred in finding that Section 18-804 [sic] and Section 14-813 R.R.S. 1943 are applicable to this case.

3. The Court erred in finding that 18-804 [sic] and 14-813 R.R.S. 1943 apply to claims in excess of eighteen (18) months.

4. The Court erred in finding 14-803 [sic] is a general statute of limitation and not merely a limitation on the power of the Omaha City Council.

Brief for appellants at 1-2.

With reference to the first assignment of error, we agree with the district court that Neb. Rev. Stat. §§ 48-1228 et seq. (Reissue 1984), the Nebraska Wage Payment and Collection Act, did not apply to wage claims against the city. The plain language of § 48-1229 did not include political subdivisions within the definition of employers to which the act applies. That section stated in part: "(1) Employer shall mean any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor thereof, employing any person as an employee, except that employer shall not be construed to include the state . . . ." In *Omaha Public Schools v. Hall*, 211 Neb. 618, 319 N.W.2d 730 (1982), we held that similar language in a different statute, Neb. Rev. Stat. § 48-1102 (Cum. Supp. 1967), did not include political subdivisions. The analysis and conclusion in *Hall, supra*, control here. Sections 48-1228 et seq. did not apply to this wage claim against the city. We note that in 1988, the Legislature amended § 48-1229 to specifically include political subdivisions, but that amendment does not affect this case. The district court was correct in its determination that §§ 48-1228 et seq. did not apply to this action against the city.

Even if the Wage Payment and Collection Act was applicable to the claim at bar, there is no merit to the employees' contention that the Wage Payment and Collection Act is a special provision in regard to wage claims and takes precedence over the claims statutes. Generally, " ' "[w]here the general statute, if standing alone, would include the same matter as the

special act, and thus conflict with it, the special act will be considered as an exception to the general statute . . . ." ' " *SID No. 1 v. County of Adams*, 209 Neb. 108, 113, 306 N.W.2d 584, 586 (1981). The act is not a special provision governing the same subject matter as the claims statutes. The Wage Payment and Collection Act provides for the award of attorney fees and costs to a successful wage claimant and does not concern conditions governing claims against a city of the metropolitan class. The statutes do not conflict. Application of the Wage Payment and Collection Act would not alter the need to satisfy the requisites of the claims statutes.

The issue raised by the second, third, and fourth assignments of error appears to be whether the employees have any legal means to recover wages due and owing from the city for a period more than 18 months prior to the date that a claim is filed with the city comptroller and, if so, what procedure sustains that remedy.

At the time of the filing of the petition, Omaha was a city of the "metropolitan" class as defined by Neb. Rev. Stat. § 14-101 (Reissue 1987). As such, Omaha had the power "to sue and be sued" and "to make all contracts and do all other acts in relation to the property and concerns of the city necessary to the exercise of its corporate or administrative powers." *Id.* As Omaha was a city of the metropolitan class, the claims statutes were generally applicable to wage claims against the city.

In arguing that the claims statutes do not apply in this case, the employees contend that Omaha is a home rule charter city, and wage claims against Omaha are solely of local concern. We have decided in this regard that "when the Legislature enacts a law affecting municipal affairs which is of state-wide concern, the state law takes precedence over any municipal action taken under the home rule charter." *Omaha Parking Authority v. City of Omaha*, 163 Neb. 97, 104, 77 N.W.2d 862, 868 (1956). The claims statutes affect access to the state courts and the state law remedies. These are issues of statewide concern. Consequently, Omaha's home rule charter does not affect the applicability of the claims statutes to wage claims against the city.

Having determined that the claims statutes are generally applicable to a wage claim against the city, we must then

determine how their application affects the employees' right to bring wage claims against the city for any period more than 18 months prior to the filing of the claim with the city comptroller. Section 14-804 provides:

> Before any claim against the city . . . is allowed, the claimant or his agent or attorney shall verify the same by his affidavit . . . . All claims against the city must be filed with the city comptroller. When the claim of any person against the city is disallowed, in whole or in part, by the city council, such person may appeal from the decision of said city council to the district court of the same county, as provided in section 14-813.

We have held that the filing of a claim pursuant to § 14-804 is a procedural prerequisite to the prosecution of wage claims against the city in the district court. See, *Bolan v. Boyle*, 222 Neb. 826, 387 N.W.2d 690 (1986); *Halbleib v. City of Omaha*, 222 Neb. 844, 388 N.W.2d 60 (1986). We agree with the district court that the filing of a claim pursuant to § 14-804 was a necessary prerequisite to the action in this case.

Next, we consider the effect of § 14-806 on the employees' claims. That section states:

> No bill or claim for labor, salary or material, or for extra service or overtime or account of any kind against the city, after it has been adversely reported on and rejected by the administration under which it has been incurred, and no bill, account or claim, not presented or claimed within eighteen months after it was incurred and payable, shall be allowed or authorized to be paid by any mayor and council except through the judgment of a court of competent jurisdiction. . . .

In *Redell v. City of Omaha*, 80 Neb. 178, 113 N.W. 1054 (1907), we interpreted the language of Comp. St. ch. 12*a*, § 58 (1903) (the predecessor of § 14-806) with reference to a wage claim impliedly accruing prior to 18 months before the claim was filed with the city. The earlier statute contained essentially the same language as § 14-806. The city council in *Redell* rejected the claim, and the claimant appealed the ruling of the city council to the district court. The district court dismissed the claim. The dismissal was appealed to this court, and we stated:

It is not disputed that the plaintiff's claim is embraced by the prohibition and does not fall within the exception of the foregoing statute. . . . The legislature could not have chosen language more apt for the expression of an intent that a demand so situated shall be extinguished, so far as the judicial powers of the mayor and council are concerned. The enactment is not analogous to an ordinary statute of limitations, which the defendant may waive at his discretion. . . . The limitation is of the power and jurisdiction of the auditing body itself, whose disobedience thereto would be a void act. It is axiomatic that a court in which an appeal may be prosecuted must derive its jurisdiction from the tribunal from which the appeal is taken. It would be absurd to say that the court may treat as erroneous and reverse an order made by the mayor and council in obedience to a peremptory statute. . . . They were as powerless to reject the claim as they were to allow it. The one order is equally as void or futile as the other would have been, and there is nothing from which an appeal can be taken. Their order of disallowance, for the reason given, was purely ministerial and formal, and in no sense judicial. It will be soon enough to ascertain what is meant by the saving clause or exception when the question is presented in some court having jurisdiction and in a manner calling for its decision.

*Redell, supra* at 180-81, 113 N.W. at 1054-55. In summary, *Redell* held that a city council's disallowance of a claim because it accrued prior to 18 months before the filing of the claim with the city was not appealable. The disallowance was not discretionary and not "judicial" in nature. The city council had no statutory authority to allow such a claim; therefore, there was nothing from which an appeal could be taken. As *Redell* indicates, the district court did not have jurisdiction to hear an appeal from the city council's disallowance of a claim that accrued more than 18 months prior to the filing or presentation of the claim.

Consequently, there was no reason for the employees in this case to utilize the procedures in § 14-813 to appeal the resolution of the city council. Such an appeal would have been

fruitless, and failure to bring such an appeal is not an appropriate basis for dismissal of the action in this case.

The narrow issue then becomes whether § 14-806 acts as a statute of limitations and restricts the action at bar. Appellees contend that a claim for wages accruing prior to 18 months before the filing of the claim is "extinguished" by § 14-806 with reference to the courts as well as to the mayor and city council. We agree. Section 14-806 was ostensibly enacted to serve two purposes: (1) to prevent a subsequent administration from overturning a prior administration's rejection of a claim and (2) to limit claims against the city to those claims that are timely presented and therefore place a more reasonable burden of investigation upon the city. Section 14-806 operates as a statute of limitations for wage claims against a city of the metropolitan class. To interpret the statute otherwise would create an awkward, and we think unintended, rule requiring a party to bring two separate claims before two separate tribunals. A party would be required to bring a claim before the city council or mayor and possibly appeal that determination, and at the same time the party would be required to bring a separate claim in the state courts for the part of the claim accruing more than 18 months before the filing of the claim.

The exception in § 14-806 which permits the mayor and council to pay claims pursuant to "the judgment of a court of competent jurisdiction" provides for an effective appeal where a claim accruing within 18 months of the filing of the claim is rejected by the administration under which it was incurred. Section 14-806 prevents a mayor and city council from overturning the decision of a prior administration to reject a claim, but provides that the mayor and city council may pay the claim once a court has determined that the rejection of the claim was wrongful. Without the exception, the statute would prevent an administration from paying wages accrued and properly claimed but wrongfully rejected by a prior administration.

We note that the statute, as initially enacted in 1897, see Comp. Stat. ch. 12a, § 58 (1897), and as interpreted in *Redell v. City of Omaha*, 80 Neb. 178, 113 N.W. 1054 (1907), included the following language: "No bill . . . shall be allowed or

authorized to be paid by any mayor and council *of a subsequent administration,* except through the order of a court of competent jurisdiction." (Emphasis supplied.) The emphasized language was deleted in the 1905 recodification of the chapter covering metropolitan cities. This deletion broadens the scope of the statute.

We conclude that the dismissal of the employees' petition was correct, and the judgment of the district court is affirmed.

AFFIRMED.

CAPORALE, J., not participating.