SANITARY AND IMPROVEMENT DISTRICT NO. 2
OF STANTON COUNTY, NEBRASKA, APPELLANT, V.
COUNTY OF STANTON, NEBRASKA, APPELLEE.

567 N.W.2d 115

Filed June 27, 1997.   No. S-95-1106.

Mark D. Fitzgerald, of Jewell, Gatz, Collins, Fitzgerald & DeLay, for appellant.

W. Bert Lammli, Stanton County Attorney, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

GERRARD, J.

Sanitary and Improvement District No. 2 of Stanton County, Nebraska (SID No. 2), brought this action for declaratory judgment and injunction against Stanton County, claiming exclusive jurisdiction and authority over certain roads. The district court entered judgment in favor of the county and denied SID No. 2's application for a temporary and permanent injunction. Because we find that the county has statutory authority over the roads at issue and that this authority has not been divested, we affirm the judgment of the district court.

## FACTUAL BACKGROUND

This cause was tried in the district court on stipulated facts. Two segments of county roads are at issue in the instant case. The first is generally described as 3 miles of rural road running west from Highway 15 in southern Stanton County. The county and the Nebraska Department of Roads designate this east-west road as a "collector road" within the meaning of Neb. Rev. Stat. § 39-2103(6) (Reissue 1993). The second contested road segment intersects the east-west road approximately 2 miles west of Highway 15 and extends 1 mile to the south.

Prior to May 1995, Stanton County maintained these roads similarly to other rural county roads within the county. In 1993, the county entered into an agreement with the Northeast Nebraska Solid Waste Coalition. In relation to this agreement, the county authorized a private contractor to conduct surveying

operations, including the surveying of the roads at issue in the instant case.

On February 9, 1994, the board of trustees of SID No. 2 adopted a resolution stating that it would be advisable to amend their articles of association to state that "one of the purposes of the SID is to exercise all authority permitted by the law of the State of Nebraska over the county or access roads" located within certain parameters. At a hearing on March 9, the board of trustees adopted the amendment by majority vote. The clerk of SID No. 2 filed a certificate with the county clerk of Stanton County and with the Nebraska Secretary of State certifying the amendment to the articles.

In this action, SID No. 2 claims the exclusive right, power, and authority to maintain and improve the roads at issue. SID No. 2 also claims to have the power to pass all necessary ordinances, orders, rules, and regulations for the necessary conduct of its business concerning the roads and to carry into effect the objects for which SID No. 2 passed the resolution. SID No. 2 requested a declaratory judgment and an injunction concerning the roads at issue.

The district court held that only the county could divest itself of its authority to maintain the roads and that the county had not done so. Accordingly, the district court entered judgment in favor of the county, declaring that the county has the power and authority to maintain the roads at issue, and denied SID No. 2's application for a temporary and permanent injunction.

## SCOPE OF REVIEW

When a declaratory judgment action presents a question of law, an appellate court has an obligation to reach its conclusion independent from the conclusion reached by the trial court with regard to that question. *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997); *Farm Bureau Ins. Co. v. Bierschenk*, 250 Neb. 146, 548 N.W.2d 322 (1996).

## ASSIGNMENT OF ERROR

Summarized and restated, SID No. 2's assignment of error claims that the district court erred in finding that the county had authority to maintain and improve the contested roads.

## ANALYSIS

SID No. 2 claims that the district court erred in finding that the county has authority to improve the roads at issue. SID No. 2 contends that it, rather than the county, has authority to improve the specified roads. Conversely, the county claims that it has the general power and authority to control the roads and that it may proceed with improvements to the roads. Thus, the issue we must address is whether the county continues to have the authority to maintain and improve the contested roads.

Neb. Rev. Stat. § 39-1402 (Reissue 1993) provides that the "[g]eneral supervision and control of the public roads of each county is vested in the county board. The board shall have the power and authority of establishment, improvement, maintenance and abandonment of public roads of the county and of enforcement of the laws in relation thereto . . . ." Public roads are "all roads within this state which have been laid out in pursuance of any law of this state, and which have not been vacated in pursuance of law, and all roads located and opened by the county board of any county and traveled for more than ten years . . . ." Neb. Rev. Stat. § 39-1401(2) (Reissue 1993). Accordingly, the county has been given a general statutory grant of authority to supervise, control, and improve the public roads within it.

Statutory provisions exist by which a county may vacate, abandon, or relinquish a public road. Neb. Rev. Stat. §§ 39-1722 through 39-1731 (Reissue 1993). There is no evidence in the record that any of these procedures have been invoked. Consequently, the county has not, by these procedures, vacated, abandoned, or relinquished its control over the roads at issue.

Sanitary and improvement districts are also granted authority for improving roads within the district. Neb. Rev. Stat. § 31-740 (Reissue 1993) provides as follows:

> The board of trustees or the administrator of any district organized under sections 31-727 to 31-762 shall have power to provide for establishing, maintaining, and constructing . . . public roads, streets, and highways, including grading, changing grade, paving, repaving, graveling, regraveling, widening, or narrowing roads, resurfacing or relaying existing pavement, or otherwise improving any road, street, or highway within the district . . . .

In *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995), and in *SID No. 1 v. County of Adams*, 209 Neb. 108, 306 N.W.2d 584 (1981), we addressed the issue of whether a county was responsible for maintaining roads within a sanitary and improvement district. We concluded that article 7 of chapter 31 was a special, independent legislative act which created an exception to the general statute dealing with the responsibility of counties to provide for construction, improvement, and maintenance of roads within a district organized for those purposes. *SID No. 1 v. County of Adams, supra.* Accordingly, we held that the legislative act imposed an affirmative duty on the sanitary and improvement district for the maintenance and improvement of the roads within its boundaries and that § 39-1402 was insufficient to impose a ministerial duty to maintain the roads on the county. *State ex rel. Scherer v. Madison Cty. Comrs., supra; SID No. 1 v. County of Adams, supra.*

In both *State ex rel. Scherer v. Madison Cty. Comrs., supra,* and *SID No. 1 v. County of Adams, supra,* we considered the issue of whether a county could be *required* to exercise control over the maintenance and improvement of roads within a sanitary and improvement district. The instant case is distinguishable from these cases because the issue is not whether the county can be *required* to improve the roads but whether it has the *authority* to improve the roads.

To the extent there is conflict between two statutes on the same subject, the specific statute controls over the general statute. *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996); *State ex rel. Stenberg v. Murphy*, 247 Neb. 358, 527 N.W.2d 185 (1995). Thus, if the statutory provisions granting authority to a county and to a sanitary and improvement district to maintain and improve the roads are found to conflict, the specific statute controls over the general statute. We have held that the statutes governing sanitary and improvement districts are specific in nature as compared to the general statute vesting authority over public roads in the county. *SID No. 1 v. County of Adams, supra.*

However, the grants of authority in §§ 39-1402 and 31-740 are not in conflict and may be read to be consistent. The components of a series or collection of statutes pertaining to a cer-

tain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Slagle v. J.P. Theisen & Sons*, 251 Neb. 904, 560 N.W.2d 758 (1997); *In re Interest of Aaron K.*, 250 Neb. 489, 550 N.W.2d 13 (1996). With this principle in mind, a sensible reading of these statutory provisions clearly authorizes concurrent authority in the county and SID No. 2 over the public roads within the district.

Consequently, the district court did not err in finding that the county has authority to maintain and improve the roads in question. The county is authorized to generally supervise, control, and improve the roads under § 39-1402, and the county has not abandoned or vacated that authority. See § 39-1725. We hold that in the absence of abandonment, vacation, or relinquishment of the roads, the county retains the statutory authority to supervise, control, improve, and maintain the roads at issue in this case.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.