REQUESTED BY: David M. Streich, Brown County Attorney
This is in response to the series of questions you have asked relating to the duties and obligations of the Brown County Hospital, a county community hospital, to comply with the County Budget Act of 1937, Neb. Rev. Stat. §§ 23-901 to 23-920 (1997 and Cum. Supp. 2000) and the Nebraska Budget Act.[1] By way of background, you relate that the Brown County Hospital is a county hospital facility established under the provisions of Neb. Rev. Stat. §§ 23-3501 to 23-3527 (1997 and Cum. Supp. 2000). For the most part, the answers and resolution of the issues you raise are detailed in Nebraska Statutes.
[1] Section 13-501. Act, how cited. Sections 2-958, 3-504, 12-914,13-501 to 13-512, 13-515, 16-702, 16-706, 16-718, 17-702, 17-703,17-708, 17-711, 17-715, 17-718, 18-1006, 19-1302, 23-132, 23-904,23-920, 23-3519, 23-3552, 31-513, 35-509, 39-1621, 39-1634, 46-543, 46-544,71-1611, 79-1083, 79-10,126, and 79-1225 shall be known and may be cited as the Nebraska Budget Act.
 I. APPLICATION OF THE NEBRASKA BUDGET ACT
It is first inquired, "[i]s the county hospital established pursuant to R.R.S. § 23-3501 required to comply with the provisions of the Nebraska Budget Act?" It is our conclusion that a county community hospital organized and established under the provisions of §§ 23-3501
to 23-3527 is subject to the requirements of the Nebraska Budget Act and, accordingly, required to comply with its provisions.[2] However, the board of trustees of a county hospital is not a governing body for purposes of the Nebraska Budget Act and, therefore, not required to prepare a separate budget for the county hospital as a separate governmental entity.
As this office has previously noted, the purpose of the Nebraska Budget Act is to require governing bodies of the state to follow prescribed budget practices and procedures and to make financial information available to the public. See Op. Att'y Gen. No. 95057 (July7, 1995). Counties are subject to the provisions of the Nebraska Budget Act and the governing body of the county is the county board. Neb. Rev. Stat. § 13-503 (Cum. Supp. 2000) defines the term "governing body" for purposes of the Act and states in material part, "(1) Governing body shall mean the governing body of any . . . county . . ."
Importantly, a county hospital is a part of county government. In 1971-1972 Rep. Att'y Gen. 22 (Op. No. 11, Feb. 4, 1971) this office considered whether employees of a county community hospital were county employees for purposes of the County Employees Retirement Act. In the course of that opinion, we stated:
 The question then, is whether a county community hospital operation under the provisions of Section 23-343 to 23-343.14, R.R.S. 1943 [the predecessors of Sections 23-3501 to 23-3515], is a part of county government, or is an independent political subdivision. We believe that it is clear from the statutes that the operation of such a hospital is a function of county government. . . . Section 23-343 provides that the county board may issue the bonds to finance the construction or acquisition of such a hospital. Section 23-343.01 provides for the appointment of the board of trustees by the county board. The salary of the members of the board of trustees is fixed by an order of the county board. The board of trustees is required to file its bylaws, rules and regulations with the county board. The board of trustees is required to file a report of its proceedings with the county board, and to certify to the county board the amount necessary to maintain and improve its facilities for the ensuing year. The funds for the construction of the facilities and the operation of the hospital are raised by countywide tax levies. All of these provisions convince us that, while the board of trustees of the hospital have a certain amount of independence, they are basically subservient to the county board, and, as we previously concluded, the operation of the county hospital is a function of county government. Id. at 23 (emphasis added).
As part of county government, the fiscal affairs of the county hospital are subject to the budget act and incorporated in the county budget making process.
 II. STATUTES RELATING TO COUNTY MEDICAL FACILITIES
It is next inquired, "are there any provisions of the Act which are not applicable to county hospitals, or which apply differently in light of R.R.S. § 23-3501 et seq.?" We understand your question to be whether or not the requirements of the Nebraska Budget Act are impacted in some way by statutes applicable to the organization and operation of a county community hospital.
We do not find any inconsistency in the statutory provisions. And, in the event of any inconsistency in the provisions relating to fiscal or budget matters for a county community hospital, the statutes are necessarily construed together to achieve a sensible and harmonious result. It is a well accepted tenet of statutory construction that components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions are consistent, harmonious, and sensible. Gage County Board of Equalizationv. Nebraska Tax Equalization and Review Com'n, 260 Neb. 750, 619 N.W.2d 451
(2000). Sanitary and Imp. Dist. No. 2 of Stanton County v. County ofStanton, 252 Neb. 731, 567 N.W.2d 115 (1997).
For these reasons, we do not think the statutes relating to the establishment and operation of county medical facilities alter or impair the budget requirements applicable to counties under the Nebraska Budget Act.
 III. BUDGET REVISION PROCEDURES
The next question posed relates to the procedures a county hospital must "go through, if any, to increase expenses during its fiscal year where those increases are funded by increased revenues in excess of the budget amount." The provisions of the Nebraska Budget Act set out the procedure for revising budgets.
Neb. Rev. Stat. § 13-511 (Cum. Supp. 2000) in relevant part states:
 (1) Unless otherwise provided by law, whenever during the current fiscal year of biennial period it becomes apparent to a governing body that (a) there are circumstances which could not have been reasonably anticipated at the time the budget for the current year or biennial period was adopted, . . . such governing body may propose to revise the previously adopted budget statement and shall conduct a public hearing on such proposal.
Section 13-511 further describes the hearing procedure, the filing requirements for the approved revised budget, and certification of the revised amount of tax to be levied, if any. Upon completion of the budget revision process, "[t]he governing body may then issue warrants in payment for expenditures authorized by the adopted revised budget." Id.
 IV. APPLICATION OF THE COUNTY BUDGET ACT
It is asked whether a county hospital is "an officer (sic.), department or other expending agency as contemplated in the County Budget Act of 1937?" As we have concluded above, the operation of a county hospital is a function of county government. The County Budget Act, with certain exceptions, applies to all counties of the State of Nebraska under the express provisions of Neb. Rev. Stat. § 23-902 (1997).[3]
Thus, it is our view that a county hospital is an institution of the county and its fiscal affairs fall within the scope of the County Budget Act pursuant to the provisions of Neb. Rev. Stat. § 23-903 (1997).
The related question you ask is whether there are "any provisions of the Act (County Budget Act) which are not applicable to county hospitals or applied differently in light of R.R.S. et seq.?" We previously concluded above that we do not think that the statutes relating to establishment and operation of a county hospital facility alter or impair the requirements applicable to counties under the Nebraska Budget Act. For the same reasons, we conclude that the requirement of the County Budget Act are not altered by the statutory provisions relating to the establishment and operation of a county hospital facility.
 V. DUTIES OF THE COUNTY BOARD
It is further asked, "[w]hat are the County Board's duties to compel the County Hospital Board of Trustees to comply with the County Budget Act, if applicable?" The question is very broad and all encompassing. Of course, it is the duty of the county board and hospital board of trustees to comply with the provisions of the budget acts and take necessary and appropriate steps to assure compliance. As the governing body of the county, the duties of the county board are set forth in the provisions of the County Budget Act, the Nebraska Budget Act, and the statutes relating to the organization and operation of county hospitals. See i.e. §§23-907 to 23-907 and 23-916.
We have previously pointed out that the hospital board of trustees is subservient to the county board. Members of the hospital board of trustees are appointed by the county board. Significantly, Neb. Rev. Stat. § 23-3502 (Cum. Supp. 2000) states in particular part:
 (3)(b) Any member of such board may at any time be removed from office by the county board. Vacancies shall be filled in substantially the same manner as the original appointments are made. The person appointed to fill such a vacancy shall hold office for the unexpired term.
It is the responsibility of the county board to decide in what manner it shall exercise its powers and authority to secure compliance with the budget acts. It seems to us that the county board is required to take the actions necessary to fully comply with the requirements of the budget acts. As you are aware, the county board possesses broad powers and authority to conduct the affairs of the county and further, to perform such other duties as may be imposed from time to time by the general law.
It is long established that a county board is clothed with such powers as necessary to enable it to discharge its duties. The Nebraska Supreme court has concluded that a county board possesses and can exercise not only such powers as are expressly conferred upon by it by the constitution and statutes of the state, but it also possesses such powers as are requisite to enable it to discharge it official duties devolved upon them by law. See Thiles v. County Board of Sarpy County,189 Neb. 1, 200 N.W.2d 13 (1972); Speer v. Kratzenstein, 143 Neb. 310,12 N.W.2d 360 (1943); Wherry v. Pawnee County, 88 Neb. 503, 129 N.W. 1013
(1911).
 VI. VIOLATIONS OF COUNTY BUDGET ACT
The question is asked whether members of the hospital board of trustees are "subject to the penalties provided in R.R.S. § 23-919, and if so, under what circumstances and with what exceptions, if any?" The question you pose is multifaceted and fact specific. Thus, our response is general in nature and we do not attempt to enumerate or describe the various and possible circumstances which could, or could not, result in a violation of the provisions of Neb. Rev. Stat. §23-919 (1997). Suffice it to say that the factual underpinnings are set forth in § 23-919 which in part provides:
 ". . . Any member of the county board or any other official whose duty it is to allow claims and issue warrants therefore, or to make purchases, incur indebtedness, enter into contracts for or on behalf of the county, who issues warrants or evidences of indebtedness, or makes any purchase, incurs any indebtedness or enters into any contract for or on behalf of the county contrary to the provisions of said sections, shall be liable to the county for such violations in the full amount of such expenditures, and for the full amount which the county may be required to pay by reason of any purchase made, indebtedness incurred or contract made contrary to the provisions of said sections, whether the liability of the county to pay for such materials, supplies, merchandise, equipment or services is based upon said contract or upon quasi-contract, or upon an obligation arising by operation of law, and recovery may be had against the bondsman of such official for said amounts . . .
(Emphasis added).
Based on the express provisions of § 23-919, the described penalties are applicable to members of the hospital board of trustees for violations described and detailed in the statute.
 VII. COMPLIANCE WITH BUDGET ACTS
The next question you ask is, "[i]f a county hospital is required to comply with the Nebraska Budget Act and/or the County Budget Act, does it do so independently of the County Board or as part of the County Board's budget process?" We believe that the county hospital, acting through the Board of Trustees, is required to comply with the budget acts which necessarily involves working with and reporting to the county board in completing the county's budget. Neb. Rev. Stat. § 23-3507 (1997) provides:
 The board of trustees of such facility as provided by section 23-3501 shall hold meetings at least once each month. It shall keep a complete record of all it proceedings. One of the trustees shall, on or before July 15 of each year, (1) file with the county board a report of all its proceedings with reference to such facility and a statement of all receipts and expenditures during the year and (2) certify the amount necessary to maintain and improve such facility for the ensuing year.
The related question you pose is, "[t]o what extent, if any, must the County Hospital Board of Trustees report to, or obtain the approval of, the County Board for changes in its budget during the budget year?" As § 23-3507 provides, the hospital board of trustees is statutorily required to report to the county board and to certify amounts to maintain the hospital facility. The county board, pursuant to § 13-511, may proceed to revise the budget following the procedure set forth in the statute.
 VIII. CONTRACTING AUTHORITY
A series of questions are also posed concerning the contract authority of the hospital board of trustees and ratification of contracts by the county board. As a matter of policy, this office issues opinions to county attorneys relating to criminal matters and to matters relating to the public revenue. The contract issues you request our opinion about are matters of local concern and this office does not serve as legal counsel for the governmental entities involved. Accordingly, we do not issue any opinion regarding these questions. However, we are available to consult with you regarding the contract issues you raise if this would be of assistance to you.
Sincerely,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
Approved by:
____________________________ Attorney General
[2] We are informed that the Board of Trustees of the Brown County Hospital advised that it intended to make expenditures in excess of the budgeted amount during the 2000-2001 budget year. The situation was addressed by the County Board amending its budget to increase expenditures.
[3] Counties having a population of two hundred thousand or more inhabitants are excepted and county hospitals in the excepted counties may elect to change their fiscal year for determining and carryig on their financial affairs. See Neb. Rev. Stat. § 23-920 (1997).