SCOTT R. DAVIS, APPELLANT, V. TOWN OF CLATONIA, APPELLEE.
CHARLES R. DAVIS, APPELLANT, V. TOWN OF CLATONIA, APPELLEE.
438 N.W.2d 479

Filed April 21, 1989.   Nos. 87-248, 87-249.

Rodney P. Cathcart, of Erickson & Sederstrom, P.C., for appellants.

James A. Eske, of Barlow, Johnson, DeMars & Flodman, for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FUHRMAN, D.J.

This case involves consolidated appeals from orders of the district court for Gage County, Nebraska, sustaining the defendant's demurrers and holding the actions were barred by the statute of limitations. We affirm.

On September 4, 1983, appellants, Scott R. and Charles R. Davis, were injured in an automobile accident on a road maintained by the Clatonia Township Road District. Appellants contend the road did not have proper traffic control signs and was not properly maintained. Appellants filed claims with the road district, as required by the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 to 23-2420 (Reissue 1983). Appellants received a letter, dated December 11, 1984, from an insurance company, stating that their claims were being investigated. Appellants received another letter, dated April 30, 1985, from the insurance company for the insured, "Clatonia Township," stating the company was denying the claims. These lawsuits were filed on October 25, 1985.

The defendant named in the petitions was Clatonia Township Road District. Special appearances were filed by the road district. Before the court issued decisions on the special appearances, appellants requested, and were granted, leave to file amended petitions designating the Town of Clatonia as defendant. Clatonia filed special appearances, which were sustained, alleging no proper service had been obtained upon it and the service on the road district did not confer jurisdiction over the town. Appellants each filed a praecipe for alias summons on the Town of Clatonia, service to be upon individuals designated as trustees. After service was effected, appellants moved to have the returns amended to show the correct titles of the individuals served. These motions were sustained. Second amended petitions were filed on November 12, 1986. Clatonia demurred, alleging the petitions were barred by the statute of limitations and did not sufficiently plead facts

to toll the running of the statute. The district court sustained the demurrers, finding the causes of action accrued on September 4, 1983; the actions against the town were not filed until January 23, 1986, when the first amended petitions were filed; the denial of the claims by the insurance company was not a final action by the governing body of Clatonia and therefore did not extend the time for filing actions; even if the denial by the insurance company was such a final action, the petitions would have to have been filed by October 30, 1985 (6 months from such denial); and, therefore, the actions were not timely and were barred by the statute.

Appellants allege that the trial court erred in finding that the actions were barred by the statute of limitations and that the court erred in failing to find the defendant was barred from denying that the action of the insurance company was a final decision on the appellants' claims.

The automobile accident involved in these cases occurred on September 4, 1983. Because the claims are against a political subdivision, they are governed by the provisions of the Political Subdivisions Tort Claims Act. The applicable statute of limitations is set out in § 23-2416. Section 23-2416(1) provides:

> Every claim against a political subdivision permitted under this act shall be forever barred, unless within one year after such claim accrued, the claim is made in writing to the governing body. Except as otherwise provided in this section, all suits permitted by this act shall be forever barred unless begun within two years after such claim accrued. The time to begin a suit under this act shall be extended for a period of six months from the date of mailing of notice to the claimant by the governing body as to the final disposition of the claim or from the date of withdrawal of the claim from the governing body under section 23-2405, if the time to begin suit would otherwise expire before the end of such period.

· Section 23-2405 provides:

> No suit shall be permitted under this act unless the governing body of the political subdivision has made final disposition of the claim, except that if the governing body does not make final disposition of a claim within six

months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under this act.

The operation of these statutes was defined in *Ragland v. Norris P. P. Dist.*, 208 Neb. 492, 304 N.W.2d 55 (1981). In *Ragland*, this court stated:

The statute is clear beyond question that suit must be filed within 2 years after the date the claim accrued or it will be forever barred. There are but two exceptions to that provision. One is where the governmental subdivision takes some action on the claim before the 2 years has expired but at a time when less than 6 months remains for filing suit. The second occurs if the claimant withdraws his claim within the 2-year period but at a time when less than 6 months to file suit remains. Under either of those circumstances the statute of limitations is extended for an additional 6-month period from and after the date that the governmental subdivision acts on the claim or the claim is withdrawn by the claimant. In order for the extended period to apply, one of two positive acts must occur: the governmental subdivision must act on the claim or the claimant must withdraw the claim. Absent the occurrence of either one of those affirmative steps, the statute of limitations runs at the end of 2 years from and after the date the claim accrued, and the action is barred.

*Id.* at 495-96, 304 N.W.2d at 57.

As stated earlier, the claims in these cases accrued on September 4, 1983. The 2-year limitation period under the statute expired on September 4, 1985. The first petitions of any kind were filed on October 25, 1985. Therefore, one of the two above acts must have occurred in order for the limitations period to be extended 6 months.

There is no question that the appellants did not withdraw their claims and therefore cannot claim extensions under that exception. The appellants, however, claim that the letter from the insurance company denying their claims, dated April 30, 1985, was a final disposition on the part of the Town of Clatonia and therefore extended the limitations period for 6 months from the date of the disposition, to October 30, 1985.

We disagree.

Section 23-2416 requires that the final disposition of the claim, extending the limitations period for 6 months, come from the governing body. Governing body is defined in § 23-2402 as:

> (2) Governing body shall mean the village board of a village, the city council of a city, the board of commissioners or board of supervisors of a county, the board of directors of a public power district, and any duly elected or appointed body holding power and authority to determine the appropriations and expenditures of any other unit of local government.

This definition is clear and unambiguous. Only those bodies falling within the definition of "governing body" may make final disposition of a claim as contemplated under the Political Subdivisions Tort Claims Act. The definition of "governing body" under the Political Subdivisions Tort Claims Act does not include an insurance carrier for the political subdivision. As such, a decision concerning a claim by the carrier will not be considered a final disposition of the claim on the part of the governing body. The appellants proceeded at their own risk when they delayed filing suit. They could have withdrawn their claims after receiving notice from the insurance company in the letter dated April 30, 1985, and filed suit within the limitations period. However, appellants did not withdraw their claims, and the letter of the insurance company was not a final disposition of appellants' claims by the governing body. As such, the 2-year limitations period ran on September 4, 1985, and the appellants' claims are barred.

AFFIRMED.