Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/31/2019 08:08 AM CDT

Beverly Patterson, appellant,
v. Metropolitan Utilities
District, appellee.
___ N.W.2d ___

Filed March 8, 2019.    No. S-18-158.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

3. **Tort Claims Act: Actions: Time.** If a claimant brings his or her claim before a claims board under Neb. Rev. Stat. § 81-8,227(1) (Reissue 2014) of the State Tort Claims Act and elects to await final disposition instead of withdrawing the claim to file suit, a 6-month extension from the mailing of a denial applies regardless of whether final disposition was made before or after the 2-year limitation for suits.

4. **Political Subdivisions Tort Claims Act: Actions: Time.** There are only two exceptions which extend the 2-year limitation for filing suit by 6 months under Neb. Rev. Stat. § 13-919(1) (Reissue 2012): (1) where the governmental subdivision takes some action on the claim before the 2 years have expired but at a time when less than 6 months remain for filing suit and (2) if the claimant withdraws the claim within the 2-year period but at a time when less than 6 months to file suit remain.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Affirmed.

Daniel Wasson, of High & Younes, L.L.C., for appellant.

Joseph J. Kehm, of Metropolitan Utilities District of Omaha, for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FUNKE, J.

Beverly Patterson appeals the district court's order dismissing her claim against Metropolitan Utilities District (MUD) with prejudice. Patterson challenges the court's determination that her claim is time barred under the Political Subdivisions Tort Claims Act (PSTCA).[1] Patterson contends that § 13-919(1) provides a 6-month extension to the 2-year limitation for suits arising under PSTCA if the claimant brings the claim before a political subdivision and its governing body issues a final disposition denying the claim after the 2-year period has lapsed. Because Patterson's argument is contrary to long-settled precedent and is based upon a flawed premise, we affirm.

BACKGROUND

On June 30, 2015, Patterson was visiting her sister in Omaha, Nebraska. After parking across the street from her sister's home, Patterson stepped onto the road verge and onto a manhole cover. The cover slipped from underneath Patterson's feet, and she fell into the manhole injuring her right ankle and knee. Patterson alleges this was caused by the negligence of an MUD worker who had previously removed the cover for meter-reading purposes and who failed to properly secure the cover upon completion of his or her work.

On July 17, 2015, Patterson filed a notice of tort claim with MUD. Patterson sent a demand to MUD pursuant to this action in June 2016 and a revised demand in April 2017. On September 13, MUD denied Patterson's claim.

Patterson filed a complaint with the district court on November 3, 2017. In the complaint, Patterson asserts MUD

---

[1] Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2012 & Cum. Supp. 2018).

owed Patterson a nondelegable duty to exercise due care in maintaining the manhole covers which MUD's workers access. Patterson contends that the meter reader's actions created an unreasonable risk of harm in failing to secure the cover. Specifically, Patterson alleges MUD was negligent in the following actions: (1) failure to use due care to inspect, discover, and cure the dangerous conditions of a loose manhole cover when MUD had actual or constructive knowledge of the cover's being loose in that MUD's employee created the condition; (2) failure to keep the road verge safe for pedestrians on a public walkway; (3) failure to train and instruct employees to regularly monitor and maintain the manhole covers they access to perform their duties; and (4) failure to warn pedestrians of the dangerous condition, or guard or cordon off the area. Due to this negligence, Patterson alleges she sustained injuries.

MUD filed a motion to dismiss Patterson's complaint for failure to state a claim upon which relief could be granted. In its motion, MUD contends the complaint was not filed within the statute of limitations proscribed by PSTCA. MUD argues § 13-919(1) requires that a suit be filed under PSTCA within 2 years of the accrual of the claim unless, before the expiration of that 2-year period, the governing body which hears the initial claim issues its final disposition or the claimant files a written withdrawal of the claim before the governing body. In that case, MUD argues, the claimant would have 6 additional months in which to file suit. Here, because Patterson did not voluntarily withdraw her claim before MUD and because MUD did not issue a final disposition until after the running of the 2-year period, MUD asserts Patterson's claim is time barred as outside the statute of limitations without satisfying the conditions precedent necessary for the 6-month extension.

The district court granted MUD's motion. The court's order notes that § 13-906 allows a claimant to withdraw his or her claim if the governing body has not made a final disposition of the claim within 6 months after it is filed and that § 13-919(1)

bars any lawsuit arising out of a tort claim unless it is begun within 2 years after such claim accrued. Applying these statutes to Patterson's claim, the court stated its findings that "[t]here is no evidence nor is there an allegation that [Patterson] ever withdrew her claim in writing which is a condition precedent to filing suit. In addition, suit was filed more than two years after [Patterson's] claim accrued and therefore is barred pursuant to . . . § 13-919 (1)." The court dismissed Patterson's claim with prejudice.

## ASSIGNMENTS OF ERROR

Patterson assigns, restated, that the district court erred in dismissing Patterson's claim and determining that Patterson's complaint was time barred under § 13-919(1) and that Patterson failed to satisfy a condition precedent to filing suit when she did not voluntarily withdraw her claim.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[2]

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[3]

## ANALYSIS

Patterson's assignments center on the question of whether § 13-919(1) provides an additional 6-month period in which to file suit if the claimant does not withdraw his or her claim from the political subdivision's governing board before the expiration of the 2-year limitation on commencement of a suit

---

[2] *Salem Grain Co. v. Consolidated Grain & Barge Co.*, 297 Neb. 682, 900 N.W.2d 909 (2017).

[3] *Id.*

and the governing board thereafter issues a denial of the claim. Long ago, we settled the meaning of § 13-919(1). But before turning to that case law, we recall basic claim filing procedures and consequences under PSTCA.

Before filing suit under PSTCA, a claimant is required to first bring his or her claim before the governing body of the political subdivision at issue.[4] The claim must be in writing and must set forth the time and place of the occurrence giving rise to the claim and other known facts pertinent to the claim.[5] The primary purpose of notice provisions in connection with actions against political subdivisions is to afford municipal authorities prompt notice of the accident and injury in order that an investigation may be made while the occurrence is still fresh and the municipal authorities are in a position to intelligently consider the claim and to allow it if deemed just or, in the alternative, to adequately protect and defend the public interest.[6]

After the filing of a claim with the governing body, PSTCA prohibits filing suit unless (1) the governing body has finally disposed of the claim or (2) the governing body has not taken final action within 6 months after the claim was filed and the claimant thereafter gives notice to withdraw the claim in order to commence suit.[7] The statute specifically states that "if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit."[8] PSTCA does not impose a time limit on the governing body's opportunity to take action on a claim, other than by allowing a claimant to withdraw the claim if not disposed of within 6 months after it was filed. With this

---

[4] §§ 13-905 and 13-906.

[5] See § 13-905.

[6] *Keller v. Tavarone*, 265 Neb. 236, 655 N.W.2d 899 (2003).

[7] See § 13-906.

[8] *Id.*

claim processing framework in mind, we turn to the specific statute at issue.

Section 13-919 outlines the timing requirements for claims under PSTCA and states, in relevant part:

(1) Every claim against a political subdivision permitted under [PSTCA] shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body. Except as otherwise provided in this section, all suits permitted by the act shall be forever barred unless begun within two years after such claim accrued. The time to begin a suit shall be extended for a period of six months from the date of mailing of notice to the claimant by the governing body as to the final disposition of the claim or from the date of withdrawal of the claim from the governing body under section 13-906 *if the time to begin suit would otherwise expire before the end of such period*.

(Emphasis supplied.) Although Patterson focuses on the last quoted sentence, the two preceding sentences are critical to our analysis.

The first sentence of § 13-919(1) "forever bar[s]" a claim unless the written claim has been *submitted to the governing body* within 1 year after the claim accrued. Here, the claim accrued on June 30, 2015—the date the accident occurred. Patterson filed the claim with MUD on July 17, 2015. The claim satisfied the first sentence of § 13-919(1). With the filing of Patterson's claim, the 6-month period before Patterson could have withdrawn her claim began to run.[9]

But the second sentence of § 13-919(1) is even more significant to the situation here. It "forever bar[s]" all suits under PSTCA unless a *suit is begun* within 2 years "after such claim accrued."[10] Here, because the claim accrued on June 30, 2015, the second sentence of § 13-919(1) required that Patterson file

---

[9] See § 13-906.

[10] § 13-919(1).

suit by June 30, 2017. Because Patterson did not file her suit until November 3, the second sentence of § 13-919(1) barred her action.

Patterson, however, points to the third sentence of § 13-919(1), which she claims extended the time for her to commence suit until March 13, 2018—6 months after MUD denied her claim on September 13, 2017. According to Patterson, a claimant would have an additional 6 months after mailing of the final disposition even if the disposition occurs after the 2-year date barring all suits.

Such an interpretation of § 13-919(1) is at odds with our holding in *Ragland v. Norris P. P. Dist.*[11] In that case, we considered the parameters of the 6-month extension under § 13-919(1), formerly codified as Neb. Rev. Stat. § 23-2416 (Reissue 1977).[12] Specifically, we explained that there are only two exceptions to the 2-year limitation on suits and stated:

> One is where the governmental subdivision takes some action on the claim before the 2 years has expired but at a time when less than 6 months remains for filing suit. The second occurs if the claimant withdraws his claim within the 2-year period but at a time when less than 6 months to file suit remains.[13]

The claimant in *Ragland* argued the language of § 13-919(1) should be construed so that failure to withdraw a claim and failure of the governmental subdivision to deny the claim within the 2-year period constitute an action which would trigger the 6-month extension.[14] In contrast, we held that the language in § 13-919(1) is clear and that the inaction of the parties does not amount to the conditions statutorily required for the 6-month extension.[15] Again, we stated:

---

[11] *Ragland v. Norris P. P. Dist.*, 208 Neb. 492, 304 N.W.2d 55 (1981).

[12] *Id.*

[13] *Id*. at 495, 304 N.W.2d at 57.

[14] *Id.*

[15] *Id.*

> Where the governmental subdivision does not act on a claim within 2 years after the claim accrued and the claimant does not withdraw the claim within 2 years after the claim accrued, all suits permitted by [PSTCA] are barred and the additional 6-month period granted under particular circumstances does not apply.[16]

Explicit in our opinion in *Ragland* is the requirement that the governing body act on the claims before it within the 2-year period in order for its action to trigger the 6-month extension.[17]

Three important principles underlie the *Ragland* court's reasoning. First, as we have repeatedly proclaimed, statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[18] Second, in determining the meaning of statutory language, its ordinary and grammatical construction is to be followed, unless an intent appears to the contrary or unless, by following such construction, the intended effect of the provisions would apparently be impaired.[19] Finally, a court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[20]

Patterson's interpretation violates two of those principles. First, the condition specified in the third sentence ("if the time to begin suit would otherwise expire before the end of such period") is stated in the future tense.[21] But by the date MUD denied the claim, the 2-year period to begin suit had already expired. Thus, the 2-year period to begin suit did not expire at any time during the 6-month period following MUD's denial.

---

[16] *Id*. at 497-98, 304 N.W.2d at 58.

[17] *Id.*

[18] *Mays v. Midnite Dreams*, 300 Neb. 485, 915 N.W.2d 71 (2018).

[19] *State v. Swindle*, 300 Neb. 734, 915 N.W.2d 795 (2018).

[20] *Wisner v. Vandelay Investments*, 300 Neb. 825, 916 N.W.2d 698 (2018).

[21] § 13-919(1).

Second, and perhaps more important, Patterson's interpretation fails to give any meaning to the word "otherwise." Here, the time to begin suit had already expired; thus, it would not "otherwise" expire after MUD's denial. Our ordinary rules of statutory interpretation dictate that the *Ragland* court's interpretation of § 13-919(1) was correct and compelled by the statutory language. And *Ragland* did not prompt any legislative response, which raises the presumption that we correctly discerned the Legislature's intent.[22]

Instead of following our precedent from *Ragland*, Patterson asks this court to adopt an alternative interpretation in line with a similar provision under the State Tort Claims Act (STCA).[23] Before addressing the merits of her argument, we explain her reasoning.

Patterson focuses on the second sentence of § 81-8,227(1), in which STCA uses language essentially identical to the third sentence of § 13-919(1) under PSTCA. Section 81-8,227(1) states, in relevant part:

> Except as provided in subsection (2) of this section, every tort claim permitted under [STCA] shall be forever barred unless within two years after such claim accrued the claim is made in writing to the Risk Manager in the manner provided by such act. *The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the Risk Manager or State Claims Board as to the final disposition of the claim or from the date of withdrawal of the claim under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.*

(Emphasis supplied.) She relies upon our interpretation of this language in the context of STCA and argues that we should import the same interpretation into PSTCA.

---

[22] See *Estate of Schluntz v. Lower Republican NRD*, 300 Neb. 582, 915 N.W.2d 427 (2018).

[23] Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 2014). See *Komar v. State*, 299 Neb. 301, 908 N.W.2d 610 (2018).

[3] In *Collins v. State*,[24] we interpreted this language and held that if a claimant brings his or her claim before a claims board under STCA and elects to await final disposition instead of withdrawing the claim to file suit, a 6-month extension from the mailing of a denial applies regardless of whether final disposition was made before or after the 2-year limitation for suits.

While similar, § 81-8,227(1) is distinguishable from § 13-919(1). As we noted in *Collins*[25] and the cases preceding it,[26] there is a possibility under § 81-8,227(1) that a claimant could bring a claim before the claims board under STCA within the 2-year period but with less than 6-months before the running of that period. As such, there is a chance that the claims board could retain a claim under STCA until after the 2 years and the claimant would be unable to withdraw the claim prior to the end of the 2 years to bring suit.

However, under § 13-919(1), the period to bring a claim before the governing board is 1 year and the period to file suit is 2 years after accrual of the claim. Unlike § 81-8,227, there is no possibility that a claim could be appropriately brought within the 1-year period before the governing board, the governing board could wait until after the end of the 2-year period to issue its final disposition, and the claimant would be unable to withdraw the claim prior to the end of the 2-year period. Accordingly, the reasoning of our interpretation of § 81-8,227 is inapplicable to the timing requirements of § 13-919(1) and we decline to modify our holding in *Ragland*.[27]

---

[24] *Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002), *disapproved on other grounds, Geddes v. York County*, 273 Neb. 271, 729 N.W.2d 661 (2007).

[25] *Id.*

[26] See, *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996), *overruled, Collins, supra* note 24; *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), *overruled, Collins, supra* note 24. See, also, *Komar, supra* note 23.

[27] *Ragland, supra* note 11.

In essence, Patterson argues that PSTCA and STCA must be read in pari materia. But PSTCA was initially created by one act[28] of the Legislature, and STCA was created by a totally separate act.[29] Patterson's argument exceeds the limits of the in pari materia canon. Here, this canon must be applied only to the statutes within PSTCA. More significantly, her argument violates an important rule of construction applicable to PSTCA: Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.[30] While her argument seems attractive at first blush, because a snippet of nearly identical language must be applied one way under PSTCA and a different way under STCA, that outcome is dictated by the overall language chosen by the Legislature in each respective act. If the Legislature believes that the time limitations and procedures of PSTCA and STCA should be identical, it can establish a uniform procedure. It is not this court's function to do so in the guise of statutory interpretation.

[4] As detailed above, § 13-919(1) requires that a claimant bring a claim before the governing board of a political subdivision prior to filing suit and that suits be filed within 2 years of the date the claim accrued. There are only two exceptions which extend the 2-year limitation for filing suit by 6 months under § 13-919(1): (1) where the governmental subdivision takes some action on the claim before the 2 years have expired but at a time when less than 6 months remain for filing suit and (2) if the claimant withdraws the claim within the 2-year period but at a time when less than 6 months to file suit remain.[31] Neither ground for exception occurred here. The board did not deny Patterson's claim until after the

---

[28] 1969 Neb. Laws, ch. 138, § 20, p. 634.

[29] 1969 Neb. Laws, ch. 756, § 1, p. 2845.

[30] *Geddes, supra* note 24.

[31] *Id.*

2-year period, and Patterson did not withdraw her claim. Thus, the district court did not err in dismissing Patterson's claim against MUD with prejudice.

## CONCLUSION

For the reasons stated above, we conclude Patterson's petition was filed outside of the timing requirements of § 13-919(1). Accordingly, the district court did not err in dismissing Patterson's claim.

AFFIRMED.