IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ILTEN V. CITY OF GRAND ISLAND

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KYLIE ILTEN, APPELLANT,

V.

THE CITY OF GRAND ISLAND, NEBRASKA, A POLITICAL SUBDIVISION, APPELLEE.

Filed March 14, 2023.    No. A-22-379.

Appeal from the District Court for Hall County: ANDREW C. BUTLER, Judge. Affirmed.

Andrea Finegan McChesney, of M | F Law Omaha, for appellant.

Torrey J. Gerdes and Christopher M. Schmidt, of Baylor Evnen, L.L.P., for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Kylie Ilten appeals the Hall County District Court's order dismissing her claim against the City of Grand Island (City). Ilten challenges the court's determination that her claim is time barred under the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2012 & Cum. Supp. 2018). Because Ilten's argument is contrary to long-settled precedent, we affirm.

## BACKGROUND

On December 19, 2018, Ilten was driving her car on East Highway 34 in Grand Island, Nebraska, when she was struck by an ambulance. An emergency medical technician was driving the ambulance at the time, and she was operating it within the course and scope of her employment with the City. On December 14, 2019, Ilten filed a notice of tort claim with the City. On August 25, 2020, Ilten's counsel forwarded a settlement demand to the City's insurer, EMC Insurance

Companies (EMC), via email, but due to technology issues, the EMC adjuster was unable to open the file. A hard copy was ultimately mailed to him in September.

On September 30, 2020, EMC responded to Ilten's demand letter with a counteroffer. Although EMC sent a follow-up inquiry on the status of its counteroffer in March 2021, it did not receive a response from Ilten until April 1, 2021. On April 22, Ilten informed the City that she was formally withdrawing her claim to pursue a lawsuit.

Ilten filed a complaint with the district court on April 23, 2021, and an amended complaint on April 30. Ilten claimed that the ambulance driver was negligent, and her negligence was the proximate cause of Ilten's injuries that she suffered from the accident. She alleged that the driver's negligence was imputed to the City under the doctrine of respondeat superior. In response, the City filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). It claimed that Ilten failed to comply with the PSTCA's requirements and conditions; therefore, her suit was barred. Ilten filed a motion to deny the City's motion to dismiss, or, in the alternative, to continue and defer ruling on the motion to dismiss pending the completion of jurisdictional discovery. She contended that she needed jurisdictional discovery to determine the precise nature and extent of the City's and EMC's communications and intent.

Following a hearing, the district court granted the City's motion to dismiss and denied Ilten's motion to continue for additional jurisdictional discovery. The district court noted that the PSTCA requires a claimant to file suit within 2 years after the cause of action arises, unless one of two exceptions applies. If the claimant withdraws his or her claim within 6 months of the 2 year limitation, or if the governing body mails notice of the final disposition within that same 6 month period, then the time to begin a suit is extended for a period of 6 months. The district court observed that Ilten's complaint was filed more than 2 years after her cause of action arose and determined that neither of the two exceptions applied. Accordingly, it granted the City's motion to dismiss and denied Ilten's request for a continuance for jurisdictional discovery. Ilten appeals.

## ASSIGNMENTS OF ERROR

Ilten assigns two errors: the district court erred in (1) granting the City's motion to dismiss and (2) denying Ilten's request for leave to conduct jurisdictional recovery.

## STANDARD OF REVIEW

A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Patterson v. Metropolitan Util. Dist.*, 302 Neb. 442, 923 N.W.2d 717 (2019).

Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

Generally, the control of discovery is a matter for judicial discretion, and decisions regarding discovery will be upheld on appeal in the absence of an abuse of discretion. *Yeransian v. Wilkie Farr*, 305 Neb. 693, 942 N.W.2d 226 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

*Motion to Dismiss.*

Prior to filing a suit under the PSTCA, the claimant must first bring their claim before the governing body of the political subdivision at issue. *Patterson v. Metropolitan Util. Dist., supra*. After filing the claim with the governing body, the PSTCA prohibits filing suit unless (1) the governing body has finally disposed of the claim or (2) the governing body has not taken final action within 6 months after the claim was filed and the claimant thereafter gives notice to withdraw the claim to commence suit. *Id*. There is no time limit imposed by the PSTCA for the governing body to act by, other than allowing the claimant to withdraw 6 months after the claim was filed and there was no action taken yet by the governing body. *Id*.

The PSTCA provides limited waivers of sovereign immunity. *Shipley v. Department of Roads*, 283 Neb. 832, 813 N.W.2d 455 (2012). Statutes that purport to waive sovereign immunity must be clear in their intent and strictly construed in favor of the sovereign and against the waiver. See *King v. State*, 260 Neb. 14, 614 N.W.2d 341 (2000). Section 13-919 provides all suits brought under the PSTCA against a political subdivision are forever barred if those suits are not brought within 2 years after the claim accrued. As pertinent to this appeal, § 13-919(1) provides:

> The time to begin a suit shall be extended for a period of six months from the date of mailing of notice to the claimant by the governing body as to the final disposition of the claim or from the date of withdrawal of the claim from the governing body under section 13-906 if the time to begin suit would otherwise expire before the end of such period.

Neither party disputes that the claim accrued on December 19, 2018. It follows that neither party disputes that on December 19, 2020, Ilten's time to file suit would expire, assuming she filed the correct notice to the political subdivision within the 1-year period after the accrual of her claim and neither of the exceptions applied. Relying upon language originating in *Ragland v. Norris P. P. Dist.*, 208 Neb. 492, 304 N.W.2d 55 (1981) and restated in *Patterson v. Metropolitan Util. Dist.*, 302 Neb. 442, 923 N.W.2d 717 (2019), Ilten argues that the City engaged in "some action" on her claim prior to the running of the 2 year statute of limitation; therefore, an exception to the 2 year statute of limitations applies. Brief for appellant at 5. We find her interpretation of this language overly broad.

In *Ragland v. Norris P. P. Dist., supra*, the Court addressed the statutory language of Neb. Rev. Stat. § 23-2416(1) (Reissue 1977) (now codified at § 13-919(1)). It explained the two exceptions to the 2 year filing requirement as follows:

> There are but two exceptions to that provision. One is where the governmental subdivision takes *some action* on the claim before the 2 years has expired but at a time when less than 6 months remains for filing suit. The second occurs if the claimant withdraws his claim within the 2-year period but at a time when less than 6 months to file suit remains. Under either of those circumstances the statute of limitations is extended for an additional 6-month period from and after the date that the governmental subdivision acts on the claim or the claim is withdrawn by the claimant. In order for the extended period to apply, one of two positive acts must occur: the governmental subdivision must act on the claim or the claimant must withdraw the claim. Absent the occurrence of either one of those affirmative

steps, the statute of limitations runs at the end of 2 years from and after the date the claim accrued, and the action is barred.

*Ragland v. Norris P. P. Dist.*, 208 Neb. at 495-96, 304 N.W.2d at 57 (emphasis supplied).

In *Patterson v. Metropolitan Util. Dist., supra*, the Court quoted the "some action" language before rejecting plaintiff's claim that she had an additional 6 months to file suit even though the political subdivision's denial of her claim occurred more than 2 years after the cause of action accrued. Ilten seizes on the language "some action" and asks us to broadly interpret it to include settlement negotiations, leading to a conclusion that because the City continued to "take action" on the claim through settlement negotiations, and that action occurred before the 2 years had expired but at a time when less than 6 months remained for filing suit, the 6 month extension applies. Brief for appellant at 6. She asserts that the present situation is different from that in *Ragland* and *Patterson*, because in those cases, there was "inaction" by the political subdivision. Brief for appellant at 5. We reject Ilten's interpretation because it is contrary to the plain language of § 13-919.

Section 13-919 requires a final disposition by the governing board or a withdrawal of the claim to trigger the 6 month extension. When read in context, the Court's language in *Ragland* and *Patterson*, referencing "some action" by the governing agency, is confined to acceptance or rejection of the claim – a final disposition. We do not interpret, nor does the statute contemplate, that any other action, standing alone, would satisfy this requirement.

Here, Ilten's claim accrued on December 19, 2018. The City never disposed of Ilten's claim, and on April 22, 2021, she withdrew her claim to bring suit. Akin to *Ragland* and *Patterson*, there was no final disposition by the governing body within the statute of limitations nor did she withdraw her claim within that timeframe. Thus, neither exception applies, and her suit is barred.

Furthermore, Ilten's argument that the City took some action is erroneous. The statute provides that any extension would run from "the date of mailing of notice to the claimant by the governing body." See § 13-919(1). Under the PSTCA, a governing body is

the village board of a village, the city council of a city, the board of commissioners or board of supervisors of a county, the board of directors of a public power district, the governing board or other governing body of an entity created pursuant to the Interlocal Cooperation Act or Joint Public Agency Act [added after *Davis v. Town of Clatonia*, 231 Neb. 814, 438 N.W.2d 479 (1989)], and any duly elected or appointed body holding the power and authority to determine the appropriations and expenditures of any other unit of local government.

§ 13-903(2). The Nebraska Supreme Court held in *Davis v. Town of Clatonia, supra*, that a letter from the political subdivision's insurance company denying a party's claim did not qualify for the exception because it was not a decision by a governing body. Similarly, Ilten's claim cannot prevail because not only was there no final disposition, but there was no action made by a governing body. Therefore, the district court did not err in granting the City's motion to dismiss.

*Request for Leave to Conduct Jurisdictional Discovery.*

Ilten contends the district court's refusal to allow her to conduct jurisdictional discovery was an abuse of discretion. She argues that because she could not engage in jurisdictional discovery, she was "barred from obtaining any evidence regarding the involvement of City and its agent in the continued claims handling." Brief for appellant at 8. Ilten explains that jurisdictional discovery was critical to "help in resolving the question of 'some action.'" *Id*. at 9.

There is no merit to Ilten's argument. As explained above, Ilten's interpretation of "some action" is overly broad. Section § 13-919(1) must be strictly construed in favor of the sovereign. See *King v. State*, 260 Neb. 14, 614 N.W.2d 341 (2000). In *Davis v. Town of Clatonia, supra*, the political subdivision's insurance company sent a letter to the claimants denying their claims, and the Supreme Court held this denial did not trigger the exception because the insurance company was not a governing body under the statute. Because an insurance company is not a "governing body" under the PSTCA, and Ilten does not assert that the City mailed her notice of the final disposition of her claim, additional discovery of the communications between the City and EMC could not overcome the holding in *Davis.*

Ilten argues that negotiations continued after the 2 year statute of limitation had run and that misled her into believing that the 6 month extension applied. Because of these continued negotiations, Ilten asserts *Davis*, is distinguishable. However, in *Ragland v. Norris P. P. Dist*., 208 Neb. 492, 304 N.W.2d 55 (1981), negotiations between the claimant and the political subdivision continued for 5 months after the 2 year statute of limitation ran. The Supreme Court dismissed the plaintiff's complaint that was subsequently filed, finding that his failure to withdraw his claim before the 2 year statute of limitations ran barred his claim.

Similarly, Ilten failed to withdraw her claim and file suit prior to the expiration of the 2 year statute of limitations. Jurisdictional discovery of communications between the City and EMC cannot cure this defect. Consequently, the district court did not abuse its discretion in denying Ilten's request for leave to conduct jurisdictional discovery.

## CONCLUSION

For the reasons stated above, we conclude Ilten's suit was filed after the statute of limitations had run; thus, in violation of § 13-919(1). Accordingly, the district court did not err in granting the City's motion to dismiss or in denying Ilten's request for leave to conduct jurisdictional discovery.

AFFIRMED.